# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 19, 2017

```
* * * * * * * * * * * * *
JAMES GLOVER,                          *      No. 16-891V
                                       *
         Petitioner,                   *      Special Master Sanders
                                       *
v.                                     *
                                       *
SECRETARY OF HEALTH                    *      Attorneys' Fees and Costs; Reasonable
AND HUMAN SERVICES,                    *      Hourly Rate.
                                       *
         Respondent.                   *
* * * * * * * * * * * * *
```

Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
Justine E. Walters, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On July 26, 2016, James Glover ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he suffered from Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 19, 2015.  Decision, ECF No. 19.  On March 9, 2017, the undersigned issued a decision awarding compensation to Petitioner pursuant to the parties' stipulation.  Id.

Petitioner filed a motion for attorneys' fees on August 23, 2017.  Mot. Att'ys' Fees, ECF No. 25.  Petitioner requested $25,266.00 for attorneys' fees and $5,453.76 in costs, totaling $30,719.76.  Id. at 1.  Respondent filed a Response on September 5, 2017.  Resp't's Resp., ECF No. 26.  He indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent[,] . . .

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent "recommend[ed]" for the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.  Petitioner indicated to Chambers that he would not submit a reply to Respondent's filing.  Informal Comm., dated Sept. 6, 2017.

For the reasons discussed below, the undersigned awards Petitioner's Motion for Attorneys' Fees and Costs in part.

I.     **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  In *McCulloch*, Special Master Gowen held that an attorney with twenty or more years of experience has a reasonable hourly rate between $350 and $425.  *Id.*  The Court recently updated the *McCulloch* rates for 2015-2016[3] and 2017.[4]  For attorneys with twenty to thirty years of experience, the reasonable hourly fee range for work performed in 2017 is $358 to $424.  The

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The hourly rates contained in the 2015-2016 Fee Schedule are updated from the decision in *McCulloch v. Secretary of Health and Human Services*.  2015 WL 5634323, at *19.

[4] The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The hourly rates contained in the 2017 Fee Schedule are updated from the decision *McCulloch v. Secretary of Health and Human Services*.  2015 WL 5634323, at *19.

revised rate schedule also contains increased rates for attorneys with more than thirty-one years of experience.

### a. Hourly Rates

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quotation omitted). Petitioner's counsel, Ms. Leah Durant, requested an hourly rate of $350 for her work performed in 2016, and $365 for 2017. ECF No. 25-1 at 10. Ms. Durant also requested an hourly rate of $140 for the work performed by her paralegal, Ms. Ashley Raina, in 2016. *Id.* For 2017, Ms. Durant increased Ms. Raina's hourly rate request to $145. *Id.*

Special masters have found reasonable the requested rates for Ms. Raina in 2016 and 2017, and for Ms. Durant in 2016. *Nieto v. Sec'y of Health & Human Servs.*, No. 15-1504V, 2017 WL 1968318, at *2 (Fed. Cl. Spec. Mstr. Apr. 17, 2017); *Terrell v. Sec'y of Health & Human Servs.*, No. 13-334V, 2017 WL 11309417, at *2 (Fed. Cl. Spec. Mstr. Mar. 2, 2017). However, the undersigned will reduce Ms. Durant's requested hourly rate for 2017. Chief Special Master Dorsey and Special Master Roth have found an hourly rate of $363 reasonable for Ms. Durant's work performed in 2017. *Nieto*, 2017 WL 1968318 at *2; *Terrell*, 2017 WL 11309417 at *2. The undersigned finds the reasoning behind *Nieto* and *Terrell* persuasive, and holds $363 to be a reasonable hourly rate for Ms. Durant's work performed in 2017. The resulting deduction totals $30.20.

### b. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. 515 F.3d at 1348. The undersigned finds no unnecessary or unreasonable entries in Ms. Durant's billing records, and therefore finds that the hours expended are reasonable and should be awarded in full. *See generally* ECF No. 25-1.

### c. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner's costs consist of the acquisition of medical records and the expert costs of Dr. Catherine Shaer. *See generally* ECF No. 25-2. Although not explicitly stated in Ms. Durant's application for fees, Dr. Shaer worked as a medical consultant in this case. *See* ECF No. 25-1 at 3, 4, 7, 8. Dr. Shaer requested an hourly rate of $250 for her consulting services, which included analyses of Petitioner's medical records and Respondent's counter-demand. *See id.*; *see also* ECF No. 25-2 at 2, 8, 9. An hourly rate of $250 for the work of medical consultants has been found reasonable. *Mooney v. Sec'y of Health & Human Servs.*, No. 05-266V, 2014 WL 7715758, at *15 (Fed. Cl. Spec. Mstr. Dec. 29, 2014) (listing cases). Dr. Shaer's hourly rate request is therefore reasonable, and a review of her billing records shows no unreasonable billing entries. Therefore, the undersigned will award Dr. Shaer's request in full. A review of the remainder of Petitioner's costs show them to be reasonable, as well, and the undersigned awards Petitioner costs in full.

**II.      Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs.  **Accordingly, the undersigned hereby awards the amount of $30,689.56,[5] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Leah V. Durant, of The Law Offices of Leah V. Durant, PLLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).